MR. JUSTICE MORRISON
delivered the Opinion of the Court.
On July 3,1984, the Montana Power Company filed an application with this Court requesting that the Court assume original jurisdiction of a petition and complaint for declaratory judgment and/or writ of mandate or other appropriate relief. We have determined that original jurisdiction will be assumed by this Court. A briefing schedule is herein established.
All parties agree that Rule 17, M.R.App.Civ.P. governs this Court’s exercise of original jurisdiction. Rule 17 provides: “The institution of such original proceedings in the supreme court is sometimes justified by circumstances of an emergency nature, as when a cause of action or a right has arisen under conditions making due consideration in the trial courts and due appeal to this court [Montana Supreme Court] an inadequate remedy, ...”
The substantive issue being litigated is whether a coal-fired generator known as Colstrip #3 should be included in the rate base so that the reasonable cost of Unit 3 is borne by the ratepayers. Unit 3 has been providing electricity for the past 8 months. The Montana Power Company is not recouping a return on its investment in Colstrip 3 or its operation and maintenance expenses associated with the generation of that electricity. If the company’s position on the issue presented to this Court is correct, then the revenues it would be earning could be permanently lost as no remedy *77 has yet been recognized for the restoration of such revenues.
There can be no dispute that the issue being litigated is of statewide importance. The significance of the issue was emphasized by the Public Service Commission in its “Motion for Extension of Time for Filing Return, Brief and Presenting Oral Argument” filed in this matter on July 10, 1984. In that motion, the PSC stated in part:
“The issue raised by MPC’s appeal will have profound and far-reaching effects on both MPC and the people of Montana.
“Whether one views the issue presented by MPC in this case from a ratepayers viewpoint or from the utility’s viewpoint, it is one that has major ramifications for the State of Montana. It involves the statutory interpretation of a very significant and fundamental law governing construction of major facilities in this State (75-20-101 et seq. MCA). It also involves a public utility statute that goes to the heart of the PSC’s regulatory jurisdiction over the State’s public utilities.”
On numerous occasions this Court has accepted original jurisdiction to hear cases having statewide impact and where significant governmental policy was involved. In State ex rel. Ward vs. Anderson et al., (1971), 158 Mont. 279, 491 P.2d 868, the plaintiff, an elector and taxpayer of Lewis and Clark County, sought a declaratory judgment respecting authority of the Board of Examiners to issue and sell long-range building program bonds. The Court accepted original jurisdiction because a legislative act was called into question vitally affecting Montana’s education and highway programs. Likewise, in Guillot v. State Highway Commission (1936), 102 Mont. 149, 56 P.2d 1072, plaintiff sought to invoke original jurisdiction of this Court to prohibit the State Highway Commission from expending funds for the erection of a highway building. In accepting original jurisdiction the Court emphasized that it was doing so because *78 interests of the public were involved in the controversy and the threatened harm was imminent.
The most recent controversy involving public interest questions, wherein this Court assumed original jurisdiction, was Grossman v. Dept. of Natural Resources, et al., (1984), [209 Mont. 427,] [682 P.2d 1319,] 41 St. Rep. 804. The question at the heart of the controversy was authorization for the DNRC to sell revenue bonds for funding Montana’s water resources program. We there assumed original jurisdiction because the decision would be of statewide significance and because delay in making that decision did not serve the public interest.
We find that the requirements of Rule 17, M.R.App.Civ.P. have been satisfied. The resolution of this controversy affects people throughout the state. Delay could result in irreparable harm to the Montana Power Company. Assumption of jurisdiction may also promote judicial economy.
We are reluctant to further discuss a basis for jurisdictional assumption which might be interpreted as a predetermination of the substantive issue. Nothing herein should be construed to indicate a position on the question to be ultimately decided.
We assume jurisdiction to decide the narrow legal question of whether the certificate issued by the Board of Natural Resources and Conservation is conclusive and binding on the Public Service Commission. The Montana Power Company will file its opening brief by the 27th day of September, 1984. The remainder of the briefs will be filed pursuant to the rules governing briefs. After briefs are filed the case will be set for oral argument.